IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RONALD WALDON,

        Plaintiff,

        v.

Commissioner of Social Security,

        Defendant.

No. 3:17-CV-0264-TC

ORDER

Plaintiff brings this proceeding to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits and supplemental security income.

Plaintiff has cervical and lumbar impairments. The ALJ found at Step Five of the Sequential Disability Analysis that plaintiff was not disabled because he could perform several jobs.

1 - ORDER

DISCUSSION

As discussed in further detail below, plaintiff asserts that the ALJ erred in the handling of evidence from Dr. Leinenbach and in the performing of the Step Three Analysis.

1. Dr. Leinenbach

Defendant concedes that the ALJ erred with respect to the handling of examining Dr. Leinenbach's opinion. However, defendant contends that such error was harmless and does not require reversal of the ALJ's finding that plaintiff was not disabled.

The ALJ did not properly account for Dr. Leinenbach's opinion that plaintiff would need to change positions at certain intervals. Defendant essentially concedes the Residual Functional Capacity (RFC) determined by the ALJ was improper and the hypothetical posed to the Vocation Expert (VE) by the ALJ was incomplete, but that it was only harmless error because subsequent questioning by plaintiff's attorney to the VE regarding changing positions indicated that plaintiff could perform one of the jobs that the ALJ determined plaintiff could do, that of a telemarketer. However, the VE also testified that a telemarketer would also be required to reach certain production levels and this was not addressed with respect to plaintiff's need to change positions. Tr. 82-83.

An error is harmless if it is inconsequential to the ultimate nondisability determination, Molina v. Astrue , F.3d 1104, 1115 (9th Cir. 2012), or, if despite legal error, the agency's path may

reasonably be discerned. <u>Treichler v. Commissioner</u>, 775 F.3d 1090, 1099 (9th Cir. 2014).

It cannot be said that the ALJ's error was inconsequential to the ultimate nondisability determination or that the agency's path could be reasonably discerned. Defendant did not meet her burden at Step Five of the Disability Analysis. The error was not harmless and the decision needs to be reversed and remanded.

Plaintiff has sought a remand on this error for a determination of whether any job exists when plaintiff's RFC properly accounts for Dr. Leinenbach's opinion regarding changing positions, p. 4 of Opening Brief and p. 3 of Reply. This disposition is appropriate.

2.  <u>Step Three</u>

Plaintiff seeks a reversal and remand for an immediate award of benefits for alleged errors the ALJ made at Step Three of the Sequential Disability Analysis. In order for claimant to meet his burden at Step Three, the claimant must " make out a case both that she has an impairment listed in the regulations, and that she has met the [twelve month] duration requirement." <u>Roberts v. Shalala</u>, 66 F.3d 179, 182 (9th Cir. 1995).

Plaintiff contends that he met the Listing for a Disorder of the Spine Listing (1.04A). However, to meet a Listing at Step Three of the Analysis, the claimant must meet every specific

finding required by that listing. Kennedy v. Colvin, 738 F.3d 1172, 1174 (9th Cir. 2013). Plaintiff meets some of the listing requirements for a Disorder of the Spine some of the time, but defendant noted in its Opposition that: 1)plaintiff did not point to parts of the record showing a loss of strength or atrophy, and 2)plaintiff did not point to a twelve- month period of time where plaintiff met all the requirements of the Listing. "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria." Sullivan v. Zebley , 493 U.S. 521, 530 (1990) (emphasis in original). Despite defendant specifically raising the two matters in the Opposition, plaintiff did not suggest in his Reply that there was substantial evidence in the record for the two matters, or address them in any way. The claimant has the burden to present evidence establishing that his impairments meet ... listed impairments. Burch v. Barnhart 400 F.3d 676, 683 (9th Cir. 2005). Plaintiff's argument for an immediate award of benefits on this argument fails.

## CONCLUSION

The decision of the Commissioner is reversed and remanded pursuant to sentence four of 42 U.S.C. §405(g) for further

4 - ORDER

proceedings. The ALJ shall do a new Five Step Sequential Disability Analysis, but The RFC shall include the need to change positions that Dr. Leinenbach found in his opinions.

DATED this 24<sup>T</sup> day of January, 2018.

_____
THOMAS M. COFFIN
United States Magistrate Judge

5 - ORDER